
THE CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SUZANNE E. ARIBAKAN**
*Senior Counsel*
Phone: (212) 356-2386
Fax: (212)356-1148
Email: saribaka@law.nyc.gov

February 3, 2016

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Ryan Gordon v. City of New York, et al.</u>
16-CV-192 (NG)(RER)

Dear Judge Reyes:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-referenced matter. I write to respectfully request that defendant City be granted a sixty-day enlargement of time, from February 10, 2016 to April 11, 2016, to answer or otherwise respond to the complaint. The undersigned also hopes that the Court will, *sua sponte*, extend defendants Police Officers Michael Saeoschkik, David Molina, Eric Demery and Yvette Oquendo's time to answer from February 11, 2016 to April 11, 2016. This application is made with the consent of plaintiff's counsel Ryan Lozar, Esq.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In his complaint, plaintiff alleges, *inter alia*, that defendants unlawfully arrested him on four separate occasions. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess this case and respond to the complaint. Because plaintiff alleges his criminal charges were dismissed, those records are presently sealed pursuant to NY CPL § 160.50. Defendant has mailed the necessary §160.50 release to plaintiff's counsel and will, upon receipt of the properly completed release, forward the release to the appropriate agencies. It generally takes at least thirty days for defendant to obtain the relevant sealed criminal records.

Additionally, a determination has not yet been made as to whether or not this Office will represent Police Officers Saeoschkik, Molina, Demery and Oquendo in this matter for several reasons. Pursuant to section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent each individually named defendant. The named defendant must then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. City of New York, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York,, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, defendant City hopes that the Court will grant defendant City until April 11, 2016 to answer or otherwise respond to the complaint. The undersigned also hopes that the Court will, *sua sponte*, extend Police Officers Saeoschkik, Molina, Demery and Oquendo's time to answer until April 11, 2016.

I thank the Court for its consideration of this request.

Respectfully submitted,

*Suzanne Aribakan*
Suzanne E. Aribakan
*Senior Counsel*

cc: **BY ECF**
Ryan Lozar, Esq.
*Attorney for Plaintiff*